**SO ORDERED.**

**SIGNED this 6th day of November, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

```
              UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                     DURHAM DIVISION
```

| | |
|---|---|
| In re: ) | |
| ) | |
| Laneka Deoneida Lombrano, ) | |
| ) | Case No. 25-80241 |
| ) | Chapter 13 |
| Debtor. ) | |
| _____) | |

### ORDER DENYING MOTION TO IMPOSE STAY

This case came before the Court for hearing on November 5, 2025 ("the Hearing"), on the document titled Urgent Motion to Impose Stay, filed by Laneka Lombrano ("Debtor"), on October 20, 2025. ECF No. 7. Debtor is pro se, and did not appear at the Hearing. In her Motion, Debtor requests that the court impose the automatic stay under 11 U.S.C. § 362(a). For the reasons stated herein, Debtor's Motion to Impose Stay is denied.

On May 30, 2025, Debtor filed her first voluntary petition under chapter 7 title 11 in the Western District of North Carolina Bankruptcy Court. Case No. 25-30555, at ECF No. 1. On June 24, 2025, Debtor's first case was dismissed due to her failure to timely file a creditor matrix, and because Debtor's petition

indicated that her residential address was located outside that court's jurisdiction.  Id. at ECF No. 22.  On June 30, 2025, Debtor filed a second voluntary petition under chapter 7 of title 11 in the Middle District of North Carolina Bankruptcy Court.  Case No. 25-80144, at ECF No. 1.  On September 5, 2025, that case was dismissed due to Debtor's failure to pay the required filing fee.  Id. at ECF No. 44.  On October 20, 2025, Debtor filed the current case by voluntary petition under chapter 13 of title 11.  Case No. 25-80241, at ECF No. 1.  That same day, Debtor filed her Urgent Motion to Impose the Automatic Stay requesting that the stay be reimposed under 11 U.S.C. 362(a) because she is facing eviction and requires immediate protection from creditors.  ECF No. 7.

Ordinarily, the automatic stay arises upon the filing of a petition, and "operates as a stay, applicable to all entities . . . ."  11 U.S.C. § 362(a).  However, when "two or more single or joint cases of the debtor were pending within the previous year but were dismissed, . . . the stay under subsection (a) shall not go into effect upon the filing of the later case[.]"  11 U.S.C.§ 362(c)(4)(A)(i).  The debtor may still request the stay take effect, if her request is made both within 30 days after the filing of the later case and if, after notice and a hearing, the debtor "demonstrates that the filing of the later case is in good faith

. . .", the stay may be imposed. Id. § 362(c)(4)(B).[1] Although the stay may be imposed by order of the court, there is a presumption that the debtor did not file in good faith under § 362(c)(4)(D)(i)(I), and the Debtor bears the evidentiary burden of rebutting this presumption by clear and convincing evidence. Id. § 362(c)(4)(D); In re Jones, 667 B.R. 310, 312 (Bankr. D.S.C. 2025).

Two bankruptcy cases, filed by the Debtor, were dismissed within the past twelve months. Therefore, the automatic stay did not arise upon the filing of this case, and this case presumptively was filed in bad faith. See 11 U.S.C. § 362(c)(4)(A)(i), (c)(4)(D)(i)(I). Debtor failed to appear at the Hearing and did not present evidence to rebut that presumption by clear and convincing evidence. Therefore, the Court will not impose the stay and the motion will be denied.

Therefore, it is ORDERED that Debtor's Motion to Impose Automatic Stay is denied.

[END OF DOCUMENT]

---

[1] In that case, the stay would become effective "on the date of the entry of the order allowing the stay to go into effect." 11 U.S.C. § 362(c)(4)(C). To the extent that the Debtor's request to impose the stay under § 362(a) is intended to impose the stay retroactive to the filing of her Motion to Impose the stay, that is denied. Section 362(c)(4)(C) bars the Court from ordering retroactive relief in this case. See In re Ard, 669 B.R. 793, 797 (Bankr. D.S.C. 2025)

<u>Parties to be Served</u>
25-80241

```
John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator              VIA CM/ECF

Anita Jo Kinlaw Troxler
Chapter 13 Trustee                         VIA CM/ECF

Laneka Deoneida Lombrano
119 Turney St
Raeford, NC 28376
```